Parker, J.
I should have been glad to support this action, if, in any view of it, I could discover legal ground on which it could rest. The plaintiff is certainly entitled to his money on every principle of justice. Had there been an order of the Sessions for the payment of these damages, he might have had a warrant of distress by the statute, and this would have been a prompt and sufficient remedy. But I do not think that an action of debt can be maintained on this record, the plaintiff’s claim not being ascertained by consent of parties, by award of arbitrators, or by a judgment of court.
Sedgwick, J.
It gives me pleasure to observe that the plaintiff's *272 counsel has contemplated this subject in every view in which it could be contemplated, and has furnished all the arguments which his case admitted.
This is a special statute provision, by which the damages due to individuals, whose property is;taken for public use, are to be equitably ascertained, and expeditiously recovered. Had the Court of Sessions ordered payment of the money in this case, as they were in duty bound to do, the plaintiff would have had his proper remedy. Upon application, they will probably yet make the regular entry. Should they refuse, this Court may grant a remedy. Where a statute gives a right, and furnishes the remedy, that remedy must be pursued. In this case "the party should have had a warrant of distress. In no case, in my opinion, could an action of [ * 310 ] debt *be maintained; but until the Sessions have ordered payment of the money, there exists no duty on the part of the defendants.
Parsons, C. J.
The declaration of rights prefixed to our consti tution provides that whenever the public exigencies require that the property of an individual should be appropriated to public uses, he shall receive a reasonable compensation therefor. In pursuance of this constitutional declaration, the legislature have given a specific remedy, where lands are taken for a highway, which is a public use. That remedy must be pursued. Should we support an action of debt in this case, we should defeat the useful provision of the statute, which allows a reasonable time, in the discretion of the Court of Sessions, to pass, before a warrant of distress issues, by which the property of individuals, inhabitants of the town, is liable to be taken ; thus giving to the party the independent exercise of a right, which the statute has wisely subjected to the discretion of an impartial tribunal, so far as respects the time for enforcing it.
The regular course for the plaintiff in this case is to move the Court of Sessions for an order of payment, upon which he may take out his warrant of distress. Should they deny the motion, he may apply here for another remedy, which will not probably- be refused (10).
Sewall, J., absent.

Plaintiff nonsuit.

 [Smith vs. Drew, 5 Mass. 514.—Ed.]