### PEVEY *vs.* SLEIGHT and others.

*In an action on an appeal bond, which is joint, and not joint and several, where the penalty is only $10, and the recovery in the C. P. $96, the plaintiff, in an action on the bond, against the principal and surety, cannot recover a greater sum than the penalty. The claim of a greater sum in the declaration than the penalty, is not cause of demurrer.*

*Where an appeal bond contains the clause that the appellant will surrender his body in execution of the judgment, the appellee is bound to issue an execution, to enable the appellant to surrender, and in an action on the bond, must aver that such execution had issued, and that the defendant had not surrendered himself thereon ; but where the bond does not contain such clause, it is not necessary to issue an execution, and of course the averment in the declaration may be omitted. The plaintiff is not affected by a defect in the appeal bond, if he can frame a good declaration upon that he has received from the defendant.*

ERROR from the Dutchess common pleas. Pevey brought an action of covenant in the common pleas, on a *joint* bond, in the penal sum of *ten dollars*, executed by Margaret Sleight and J. P. Wallace, which recited that a judgment had been rendered before a justice, in favor of Pevey, against *Margaret Sleight*, for $4,27½, defendant's costs of suit, from which judgment she had appealed to the Dutchess common pleas ; and was conditioned, that if the said M. S. should prosecute the appeal with due diligence, and should pay to Pevey the judgment to be rendered on such appeal, (if any judgment should be rendered in the said court against the said M. S.,) with interest thereon, and the costs of such appeal, then the obligation to be void. The plaintiff averred that the appeal was prosecuted in the C. P., and that he recovered judgment for $96,16, the costs of the appeal, which remain unpaid, for which he brought his action. The defendants demurred, and the C. P. gave judgment in their favor.

*J. L. Wendell*, for plaintiff in error. The plaintiff was at all events entitled to recover the amount of the *penalty* against the surety, and the whole amount of the *judgment* against the principal. (3 *Cowen*, 158.   6 *Cowen*, 64.)

*S. A. Foot*, for defendants. Only the penalty, which is $10, was recoverable, and yet the plaintiff claimed upwards

of $90 ; the declaration was therefore the subject of demurrer. It is bad, also, in omitting to state that an execution had been sued out on the judgment against the appellant, which an appellee is expressly required to do ; and until an execution is issued and returned unsatisfied, the appellee had no right to commence a suit on the bond. (*Statutes,* 6*th vol. ch.* 296, *sect.* 39.)

*Wendell,* in reply. The plaintiff was not bound to aver a compliance with the requirements of the statute. If such a defence existed, the defendants should have shown it by plea. (4 *Johns. R.* 306.) In a suit on recognizance of bail, it is never averred that a ca. sa. had issued against the principal, and yet the language of the statute is equally positive, that no suit shall be commenced until, &c. (1 *R. L.* 324. 5 *Johns. R.* 514.)

*By the Court,* SAVAGE, Ch. J. It is contended, on behalf of the plaintiff in error, who was also plaintiff in the court below, that, at all events, he is entitled to judgment against the party in the appeal suit, for the whole amount of the recovery in the appeal cause, though the surety is only responsible for the penalty of the bond. Had the bond been several, as well as joint, a separate action in covenant might probably have been sustained against the party, for the whole recovery. But this is a joint action against the defendants upon a joint contract, upon which one of the joint contractors is not responsible beyond the penalty, which is ten dollars. The whole, therefore, which the plaintiff can recover in this suit, is ten dollars. The amount claimed by the declaration is much greater ; but that is no ground of demurrer to the declaration. The amount to be recovered, is a question upon the assessment of damages before a jury. If, therefore, judgment was given for the defendants on the demurrer on this ground, the court, I apprehend, erred.

Another objection was taken to the declaration, to wit, that it did not contain an averment that an execution had been issued on the judgment in the appeal cause. It is true that the declaration contains no such averment ; and it is al-

so true, that the bond contains no clause in the condition, from which such an averment is required. The clause, that the appellant would surrender her body in execution of the judgment, is not contained in the condition, and was omitted, probably, because the appellant was a female, and not liable to be imprisoned upon the judgment. It would certainly have been useless for the obligors to covenant that the appellant should surrender herself in execution, when, by the statute under which those proceedings were had, it is expressly enacted that no female shall be imprisoned upon any execution to be issued in pursuance of the provisions of the said act. The plaintiff should not be responsible for any defect in the appeal bond, if there was one. All that can reasonably be required of him is, to frame a good declaration upon such an instrument as the defendant has given him. If, therefore, the defendant obligates himself to pay the money at all events, when he might have been excused from such payment by surrendering himself in execution, the plaintiff is not bound to issue an execution, to enable the appellant to surrenderer; though, on a bond differently drawn, he would be obliged to do so; and, in such case, he would be obliged to aver in his declaration, in a suit on such bond, that such execution had been issued, and that the appellant had not surrendered himself in execution thereon.

I am of opinion, therefore, that the declaration is good in substance and form, as applicable to this case. The plaintiff, indeed, can recover but ten dollars, and must pay costs to the defendants; but that is not an objection to be taken on demurrer. The court below therefore erred, and their judgment must be reversed.

Judgment reversed.