## THE STATE *v.* THE JUDGE OF THE COMMERCIAL COURT OF NEW ORLEANS.

The power to issue writs of prohibition was conferred on the Supreme Court merely as a means of enabling it to exercise its appellate jurisdiction. Like the writ of mandamus, a prohibition may be issued even where a party has other means of redress, if the slowness of ordinary legal proceedings be likely to produce such immediate injury as ought to be prevented.

The writ of mandamus is given to enable the Supreme Court to command inferior courts to act where delay would cause damage and injustice; and the writ of prohibition to restrain them, where their acting without authority would produce similar results.

The writ of prohibition is an extraordinary one, and should be issued only in cases of great necessity, clearly shown, and where the party has applied, in vain, to the inferior tribunals for relief.

APPLICATION for a prohibition to the Judge of the Commercial Court of New Orleans, *Watts,* J.

*Roselius,* for the application.

*W. Christy, Chinn,* and *Hoffman,* contra.

GARLAND, J. Dubois, a member of the firm of Dubois & Kendig, represents that Benjamin Robertson had obtained a judg-

ment against them in the Commercial Court, and issued an execution thereon, by virtue of which the sheriff was about to sell property of great value, and that N. C. & L. Folger had commenced a suit against them by attachment, and also seized certain property. He avers, that since the institution of these suits, he has been compelled to apply for the benefit of the Bankrupt Law, passed by Congress in 1841; that the usual order has been granted on this application, and the notices published, but that no decree has been pronounced, nor any assignee appointed; that, in conformity to law, he has surrendered all his property, and that of the firm to which he belongs. He avers, that by his application, all judicial proceedings are arrested, but that, notwithstanding, the Judge of the Commercial Court, and the sheriff thereof, persist in proceeding with the aforesaid suits and execution, and will sell the property surrendered, unless prevented. The petitioner, therefore, prays that a writ of prohibition may be directed to the aforesaid judge, and that the sheriff may be enjoined from further proceedings.

A rule was taken on the judge and sheriff to show cause why a prohibition should not be issued, and an injunction was issued temporarily, until the case could be heard.

The judge showed for cause:

*First.* That it is not alleged, in a direct manner, that an application was made to stay proceedings in the said suits, nor that any proof of facts was made, sufficient to authorize him to arrest the proceedings; that if such facts existed, they ought to have been shown; and that no prohibition ought to be issued, until a regular application, supported by evidence, had been made to the inferior court, and been acted on.

*Second.* That the application is only on the part of one of the defendants, to wit, Dubois; and that it is not shown that the proceedings can be arrested as to one, and not as to the other.

*Third.* That the power to issue a prohibition given to the Supreme Court, is only in aid of its appellate jurisdiction; and that it is not shown that the Commercial Court has refused an appeal, nor that it is proceeding in disregard of one.

*Fourth.* That this tribunal has no power to act as an aid to the jurisdiction of the District Court of the United States.

For these causes, the judge prays that the rule may be discharged.

The judge proceeds to say, that Robertson had obtained a judgment against Dubois & Kendig about the last of November, 1842, on which an execution had been issued; but that he does not know what has taken place under it.

He shows for further cause, that nothing appears on the minutes or records of the court, to show that any application had been made to arrest the proceedings for the reasons assigned in the petition, and that he has no recollection of any oral application to that effect.

He further shows, that the case of the Folgers was commenced by attachment, under which a number of horses and carriages were seized; and that the plaintiff took a rule on the defendants to show cause why the property seized should not be sold, on the ground that it was of a perishable nature, and that the expenses of the horses would, before the decision of the suit, amount to as much as they were worth. When this rule came on for trial, the counsel for Dubois & Kendig appeared, and stated, orally, that Dubois had applied to be declared a bankrupt, since the rule was taken, and one of them had a newspaper in which he said that the notice was published. The judge told the counsel that he thought it would not prevent him from proceeding; that it was best the property should be sold; and that it was immaterial whether the sheriff or the marshal sold it, as the money was ordered to be paid into court, where it would remain until the fate of the application of Dubois should be known, when the assignee might claim it. The rule to have the property sold was made absolute, whereupon the counsel intimated an intention to appeal; but the judge expressed some doubt as to the right of appeal, and it was not applied for.

It is true, as stated by the Judge of the Commercial Court, that the writ of prohibition is only one of the means by which this court can exercise its appellate jurisdiction. An application for it, is one of the modes by which a case may be brought before us for examination; and it may be issued, like the writ of mandamus, even where a party has other means of relief, if the slowness of ordinary legal forms is likely to produce such immediate

The State v. The Judge of the Commercial Court of New Orleans.

injury or mischief as ought to be prevented. The writ of man-damus is given to enable this tribunal to command inferior courts to act, in cases where delay will cause damage and injustice; and that of prohibition, to restrain them where acting without autho-rity, would have the same effect. We have heretofore said that this is an extraordinary writ, and should only be issued in a case of great necessity, when clearly shown; and before we will issue it, it must appear that the applicant has applied, in vain, to the infe-rior tribunals for relief. In the present instance, no such show-ing is made.

As to the case of Robertson, the record is not before us, and there is nothing to show that any application was ever made to the Commercial Court, to arrest the proceedings on the execu-tion, issued in his favor. The judge says that there never was; and nothing from the records of the court is produced to disprove his statement, or to cause us to doubt its correctness.

In the case of the Folgers, it appears from the affidavit of the petitioner and the answer of the judge, that some conversation took place as to the application of Dubois for the benefit of the Bankrupt Act, at the time that the rule before mentioned was called for trial. But the record does not show that any objection or exception founded on that fact was raised. No legal evidence of it was exhibited, nor does it appear that the judge ever decided on it. What occurred, seems to have been nothing more than a con-versation between the judge and the counsel. The former says that he made no decision, further than saying, when it was stated orally that an application to be declared a bankrupt was pending, that he " saw nothing that prevented Dubois from ap-pearing as defendant in the rule." Upon such a statement of facts, we do not think this court has any power to interfere, with-out assuming original jurisdiction in the case.

*Rule discharged.*