12  513
49 1536

THE STATE OF LOUISIANA, on the relation of JAMES FOULHOUZE, *v.* THE JUDGE OF THE FIFTH DISTRICT COURT OF NEW ORLEANS.

Writs of *mandamus* and *prohibition* to the District Judges will only be issued in aid of the appellate jurisdiction of the Supreme Court.

APPLICATION for a writ of *prohibition* to the Judge of the Fifth District Court of New Orleans, *Eggleston*, J.

SPOFFORD, J. The relator, producing his commission and oath of office as Judge of the Second Judicial District Court of Louisiana, seeks a writ of *prohibition* upon the following allegations: that his predecessor in office, *Octave L. Rousseau*, assuming still to be Judge of the Second Judicial District, on the 16th April, the day of the date of relator's commission, filed in the Clerk's office for the parish of Plaquemines a petition contesting the relator's election to the said office; that assuming still to act as Judge as aforesaid, the said

*Rousseau*, on the 29th May filed in the same Clerk's office a paper purporting to recuse himself in the trial of the contested election suit, and referring the same to the *Hon. H. B. Eggleston*, Judge of the Fifth District Court of New Orleans, or any other District Judge from an adjoining district, to try the case on the third Monday in June next in the parish of Plaquemines; that said *H. B. Eggleston*, Judge, &c., has been notified thereof, and has also permitted and ordered to be filed a supplemental petition by the said *Rousseau*, setting forth new matter of controversy, and that unless restrained by a writ of prohibition from this court, the said *Eggleston*, Judge, &c., will proceed to the parish of Plaquemines and illegally assume to try said contestation; the relator avers that his commission and oath of office are conclusive evidence of his possession and title; that he is sole Judge of the Second Judicial District; that his predecessor, being *functus officio*, committed an act of usurpation in assuming to recuse himself and to select a Judge to try this case; that no law of the State, except a special law for the parish of Orleans alone, authorizes such a judicial proceeding as is here attempted to test the validity of the election of a Judge who is a district and not a parish officer; that there is no law authorizing a Judge of one of the District Courts of New Orleans to go to the parish of Plaquemines to try recused cases; that these irregular proceedings impede the administration of justice and interfere with the appellate jurisdiction of this court, and produce injuries which cannot be redressed by the ordinary form of procedure on account of its slowness; wherefore an order is prayed for prohibiting the said *H. B. Eggleston*, Judge, &c., from taking cognizance of said pretended case, or attempting to hold a court in the parish of Plaquemines, and the said *Rousseau* from prosecuting said suit or granting any orders therein.

The petition certainly presents a strong case, but it is now the settled jurisprudence of this court that it will issue writs of *mandamus* and *prohibition* to District Judges only in aid of its appellate jurisdiction. Were we in this form to decide that the District Judge could not sit to try such a case as is described in the relator's petition, we would be taking original jurisdiction of a question which has not yet been mooted before the District Judge; an exception to the jurisdiction or an exception to the mode of procedure should first be presented to the court which assumes to take jurisdiction in an improper case, and then, if overruled, the question may be brought regularly before us by prohibition, as in the case of *Foute*, 11 An. 187; *non constat* but that the District Judge, on looking into the law and hearing the parties, will be of opinion that there is no legal warrant to be found in the statutes for such proceedings as are sought to be carried on by the complainant *Rousseau*.

The case of the *Succession of Whipple*, 2 An. 236, is precisely in point. There the Supreme Court refused an application for a prohibition, because the question of jurisdiction had never been raised before the District Court, nor decided by it. See also the *State* v. *The Judge of the Commercial Court*, 4 Rob. 48.

Application refused.