[No 261.    Decided August 1, 1891.]

THE STATE OF WASHINGTON, on the Relation of T. M. Reed, A. A. Lindsley, George A. Black, S. B. Conover, Andrew H. Smith, J. H. Bellinger, Eugene Fellows, and Geo. W. Hopp, v. W. L. JONES AND FREMONT CAMPBELL, Judge of the Superior Court of Pierce County, Washington.

WRIT OF PROHIBITION — REMEDY BY APPEAL.

The writ of prohibition will not lie to restrain courts having original jurisdiction of cases in equity from issuing injunctions in excess of their jurisdiction, when there is a complete remedy by appeal from any final judgment that may be rendered by said courts in such cases.

Original Application for Prohibition.

Turner & Graves, and W. C. Jones, for petitioners.

Crowley & Sullivan, and H. J. Snively, for respondents.

The opinion of the court was delivered by

ANDERS, C. J. — This is an application for a writ of prohibition commanding the judge of the superior court of Pierce county, and the respondent Jones, to refrain from further proceedings in a certain action pending in said court wherein the said W. L. Jones is plaintiff, and the relators are defendants, which action was brought to restrain the relators, George A. Black, S. B. Conover and Andrew H. Smith, as commissioners appointed by the acting governor of the state to locate a site for an agricultural college, from further proceedings in the matter of said location; and the relators, S. B. Conover, Andrew H. Smith, Geo. W. Hopp, J. H. Bellinger and Eugene Fellows, as the board of regents of said college appointed by the said acting governor, from doing any act whatever as such board of regents; the relator, T. M. Reed, as state auditor, from

issuing any warrant or warrants for the payment of the appropriation made by the legislature for the establishment and maintenance of an agricultural college and school of science; the relator, A. A. Lindsley, as state treasurer, from paying such warrant or warrants; and to have the said Black, Conover and Smith decreed usurpers and intruders as commissioners under the act of the legislature of March 9, 1891, entitled, "An act to provide for the location and maintenance of the agricultural college, experiment station, and school of science of the State of Washington, and declaring an emergency;" and their location of said college at Pullman declared null and void, and their commissions canceled.

It is alleged in the petition of relators that the defendant, Fremont Campbell, as judge of said superior court, on the 20th day of May, 1891, issued a temporary restraining order as prayed for, and further ordered petitioners to show cause before him on May 29, 1891, at the court-house, in the city of Tacoma, Pierce county, Washington, why such temporary restraining order should not be continued *pendente lite*, and, upon the final hearing of the cause, be made perpetual; that thereafter petitioners appeared before said Fremont Campbell, and moved him, as judge of said court, to vacate and set aside said temporary restraining order, and to vacate said ruling to show cause, upon the grounds—(1) that the complaint did not state a cause of action as against petitioners, or either of them; (2) that there was no equity in said complaint as against petitioners, or either of them; (3) that said court had no jurisdiction of said cause, or of the matters and things alleged in said complaint, or any of them, or of the relief sought by said complaint, or of any part thereof, as against petitioners, or any of them; and (4) that said court had no jurisdiction of said cause as against petitioners, or any of them; that said motion was by said judge overruled, to

which ruling petitioners excepted, and said exception was allowed by the court; that thereafter said petitioners demurred to said complaint upon the same grounds stated and set forth in the above motion; and that thereafter said Fremont Campbell overruled said demurrer, and held that he had jurisdiction of said cause, as against each and every of the defendants, and jurisdiction to grant the said restraining order *pendente lite*, and to hear and determine said cause.

The petition further alleges that the said Fremont Campbell, unless prohibited by this court, will continue to restrain petitioners pending the litigation, and will upon the final hearing of the cause, grant the relief prayed for in the complaint, and make the said injunction perpetual, unless petitioners show to him, as said judge, some matters of fact other and different from those alleged in said complaint, sufficient, in his opinion, to prevent the granting of such relief. It is also alleged and suggested in the petition that the said superior court is wholly without jurisdiction, under the constitution and laws of the state, to hear, try and determine the said cause as made by the said complaint, or to grant the restraining order, or to grant the relief prayed for in said complaint, or to perpetually enjoin petitioners, as prayed for in said complaint; and that the said Fremont Campbell, in attempting to grant said restraining order and to hear and determine said cause, is acting wholly in excess of the jurisdiction conferred upon him, as judge of said court, by the constitution and laws of this state; and that petitioners are without any speedy and adequate remedy, other than the writ of prohibition.

Interesting and elaborate arguments were made, on the hearing of this petition, by the learned counsel of the respective parties, upon the question of the jurisdiction of this court, and of the superior court, as well as upon the

merits of the action sought to be prohibited. But, as we view the case presented for our consideration, it is not necessary for us to determine or discuss the merits of the controversy at this time. Conceding that this court has power to issue the writ of prohibition to the superior court, the next question is, does the petition present a proper case for the exercise of that power? And that depends upon the further question of whether the superior court has jurisdiction in the premises and whether the relators have any other remedy than that of prohibition, whereby their grievances may be redressed. The superior courts of this state are courts of general jurisdiction. The state constitution provides that the superior courts shall have original· jurisdiction of all cases in equity. See Const., art. 4, § 6. Counsel for the relators do not deny the power of the superior court to issue injunctions generally, but contend that the court in this instance has exceeded its jurisdiction, for the reason that the relators are public officers, and therefore a court of equity will not assume jurisdiction to control their official acts. Granting this to be true, it follows that the court below should have sustained the motion to dissolve the preliminary restraining order, or should have sustained the demurrer to·the complaint for not stating a cause of action; but it does not follow, as matter of right, that the petitioners are entitled to a writ of prohibition.

Prohibition, being an extraordinary remedy, is only to be resorted to in cases where the usual and ordinary forms of remedy are insufficient to afford redress. It will not be allowed to take the place of an appeal or writ of error. High, Extr. Rem., §§ 770, 771. In *Ex parte Greene*, 29 Ala. 58, STONE, J., in speaking of a bill for an injunction, said:

"The bill may abound in imperfections, may be fatally wanting in necessary averments, or may be instituted in a

district in which the defendants were not liable to be sued. These, if they exist, are proper matters of defense, and cannot be reached by this extraordinary process."

And in *Ex parte Roundtree*, 51 Ala. 51, the court says:

"If the court is one of established jurisdiction, a plea that the subject-matter of a particular suit lies without its jurisdiction, or that the party is not amenable to its cognizance, will ordinarily afford full relief. But when the question involves the legal existence and construction of a court — a denial of all jurisdiction, and not of the particular jurisdiction proposed to be exercised — a prohibition, it seems to us, is the only adequate remedy."

This, it appears to us, is a clear and explicit statement of the law, and the language is peculiarly applicable to the case at bar. We are all of the opinion that the relators have a complete remedy by appeal from any final judgment that may be rendered by the superior court, and that there is therefore no necessity for resorting to the extraordinary remedy of prohibition. See *Powelson v. Lockwood,* 82 Cal. 613 (23 Pac. Rep. 143); *Murphy v. Superior Court,* 84 Cal. 592 (24 Pac. Rep. 310); *People v. District Court,* 11 Col. 574 (19 Pac. Rep. 541); *Strouse v. Police Court,* 85 Cal. 49 (24 Pac. Rep. 747); *Ex parte Braudlacht,* 2 Hill, 367 (38 Am. Dec. 593). It was suggested on the argument by the learned counsel for the petitioners that an appeal would be futile in this case, because the same questions would be presented on appeal that the court is now called upon to determine. But the fact that the same questions can be so presented is a sufficient reason for withholding the writ, as the above authorities and many others that might be cited abundantly show.

The petition is denied, and the superior court will proceed in the matter in question.

STILES, DUNBAR, HOYT, and SCOTT, JJ., concur.