[No. 484.  Decided February 9, 1892.]

THE STATE OF WASHINGTON, *on the Relation of C. B. Bagley*, v. THE SUPERIOR COURT OF KING COUNTY, STATE OF WASHINGTON, AND M. DARE.

WRIT OF PROHIBITION — GROUNDS FOR ISSUANCE — AMENDMENT TO PLEADINGS—WHERE NO APPEAL ALLOWED.

Where a case is appealed from a justice of the peace to the superior court, it is discretionary with the superior court, under §§ 1481, 635, Code of Procedure, to allow amendments to the pleadings used before the justice, and prohibition will not lie to prevent such action where the court has jurisdiction of the subject-matter of the suit.

The fact that no appeal can be taken from the judgment of the superior court for the reason that it is for a sum within the jurisdictional limit imposed upon appeals, affords no grounds for relief by prohibition.  (HOYT, J., dissents.)

*Original Application for Prohibition.*

*H. H. Ames*, and *Louis Henry Legg*, for relator.

*Wm. Martin*, for respondent.

The opinion of the court was delivered by

ANDERS, C. J.—This is an application for a writ of pro-hibition to restrain the superior court of King county from further proceeding in an action therein pending against the relator herein.

The facts set forth in the affidavit of the relator are briefly these: On June 30, 1891, M. Dare, as plaintiff, brought an action before a justice of the peace in King county, against J. M. Quigley, P. Quigley, Matt Branna-gan, W. J. Alden, James Gill and Timothy Ryan, as defendants, in which action he caused the relator Bagley to be summoned as garnishee. The affidavit of the plaintiff upon which the summons was issued, which was served on the garnishee by the constable, among other things, states "that this affiant has good reason to believe that C. B. Bagley is indebted to the said defendants, or has personal property in his possession or under his control belonging to the said defendants, not by law exempt from sale or execution, and demands that the said C. B. Bagley be summoned as garnishee." In pursuance of a provision of the statute, this affidavit was delivered to the constable in whose hands the summons in the action was placed for service, and was the only affidavit filed with him in the action. Judgment was rendered in said action by the justice of the peace against the defendants therein for the sum of eighty-five dollars and eighty-five cents, costs included, and also against the garnishee, this relator, for the same amount, with costs. The garnishee appealed from the judgment entered against him to the superior court of King county, where the said action is now pending and undetermined. Thereafter the superior court permitted the plaintiff, over the objection of the garnishee defendant, to file an amended affidavit. That portion of the amended affidavit which is specially objected to reads as follows:

"That this affiant has good reason to believe, and does believe, that C. B. Bagley is indebted to said defendants, and to each of them, and has personal property in his possession and under his control belonging to said defendants, and to each of them, not by law exempt from sale on execution."

The objection is that by this amendment the original cause of action was changed to the prejudice of the relator. A motion to strike the amended affidavit from the files and records of the court was overruled, and exception duly taken by the defendant, whereupon the court set the said cause for trial, notwithstanding the objection of the defendant. The affidavit of the relator alleges that the said court now threatens to and will allow said plaintiff to proceed to the trial of the cause upon said amended affidavit heretofore wrongfully allowed to be filed as aforesaid, as the complaint in this action, to the great damage of the deponent, unless a writ of prohibition issue out of this honorable court restraining the said superior court of King county from proceeding with the trial upon said amended affidavit. It is also alleged that the relator has no other plain, speedy or adequate remedy at law, and that he has no appeal, by reason of the amount involved being less than the constitutional limit of two hundred dollars. The writ is sought to restrain the superior court from proceeding to the trial of said action upon the amended affidavit, or upon any other affidavit than the original affidavit filed with the constable.

It is conceded that the superior court has jurisdiction of the parties as well as of the subject-matter in controversy, but it is claimed by the relator that the court exceeded its jurisdiction and power in permitting the filing of the amended affidavit, which stands as the complaint in the action, and that it has no jurisdiction, right or power to proceed to the trial of the action upon said amendid affi-

davit or complaint, and that he is, therefore, entitled to the writ of prohibition to prevent the threatened action of the court.

Prohibition is an extraordinary remedy, and should only be resorted to in cases of extreme necessity, and when there is no other plain and adequate remedy. Its object is to restrain inferior courts from acting without or in excess of jurisdiction in cases where such action will result in injury to the party complaining. But if the inferior court has jurisdiction of the subject-matter of the controversy, its rulings and judgments cannot be corrected by prohibition. Before an appellate court can be called upon to review and correct a decision of a lower court in a matter within its jurisdiction, the cause must be regularly brought before it by the method prescribed by law. As before stated, it is not denied that the superior court of King county has jurisdiction of the matter here in controversy, and that being so, prohibition is not the proper remedy for the redress of the grievances complained of by the relator. See *State, ex rel. Reed v. Jones,* 2 Wash. 662 (27 Pac. Rep. 452); *Hal leman v. Davis,* 28 W. Va. 324. In speaking of this subject, Mr. High, in his work on Extraordinary Legal Remedies, at § 772, says:

"The proper function of a prohibition being to check the usurpations of inferior tribunals, and to confine them within the limits prescribed for their operation by law, it does not lie to prevent a subordinate court from deciding erroneously, or from enforcing an erroneous judgment in a case in which it has a right to adjudicate. In all cases, therefore, where the inferior court has jurisdiction of the matter in controversy, the superior court will refuse to interfere by prohibition, and will leave the party aggrieved to pursue the ordinary remedies for the correction of errors, such as the writ of error or *certiorari.* In the application of the principle, it matters not whether the court below has decided correctly or erroneously; its jurisdiction being conceded, prohibition will not go to prevent an

erroneous exercise of that jurisdiction. Nor will the court which is asked to grant the writ consider whether the court below erred in the exercise of its powers, since it has nothing to do with the correctness of the rulings of the inferior court, but only with its excess of jurisdiction."

The superior courts of this state have discretionary power to permit amendments of pleadings in cases appealed from justice's courts. This is plainly implied in § 1635, Code of Procedure, which reads as follows:

"The issue before the justice shall be tried in the superior court without other or new pleadings, unless otherwise directed by the court."

Again, the right to amend pleadings in such courts is expressly conferred by § 1481, Code of Procedure, which provides that the pleadings may be amended at any time before the trial, or during the trial, or upon appeal, to supply any deficiency or omissions in the allegations or denials necessary to support the action or defense, when by such amendment substantial justice will be promoted. And § 221, referring to pleadings in the superior courts, is still more liberal in its provisions as to amendments. Under that section any pleadings or proceedings may be amended by the court in furtherance of justice, by adding or striking out the name of any party or by correcting a mistake in the name of a party, or a mistake in any other respect. From the foregoing provisions of our statute it is evident that the court did not act without jurisdiction in permitting the amended affidavit to be filed, neither will it exceed its jurisdiction in permitting the trial to proceed upon the amended complaint. If the court abused its discretion and committed error, such error cannot be reviewed and corrected by this court in this proceeding. Nor can we perceive how the relator can be injured by the proceeding sought to be prohibited. He occupies the position of a disinterested stakeholder as between the parties to the

original action.   If he has "property, credits, money or effects" in his possession belonging to one or more of the defendants, and he pays the money or delivers the property in accordance with the judgment of the court, such payment or delivery is a complete bar to any claim to the same by such defendant or defendants.   And if he has no property, money, credits or effects belonging to either of the defendants, it is not to be presumed that the contrary will be made to appear upon the trial.

But it is urged, as a reason why the writ should be issued in this instance, that should the relator be compelled to go to trial upon the amended affidavit, and judgment should be rendered against him upon such complaint, he would be without remedy by appeal.   But we think the mere fact that no appeal would lie from such judgment, for the reason that this court would have no jurisdiction to try the case upon appeal, affords no just ground for relief by prohibition.   The constitution fixes the appellate jurisdiction of the supreme court, and that jurisdiction cannot rightfully be enlarged, and the constitutional inhibition avoided by the court, by the exercise of appellate power under some other name.   While a writ of prohibition will not be awarded in any case where the party seeking it has an adequate remedy by appeal, it does not follow, as a matter of right, that it should issue in every case where an appeal will not lie.   If the law does not permit an appeal in a given case, and for other reasons prohibition is not the proper remedy, the application for the writ will be denied.   In such cases the judgment of the trial court is conclusive.

In *Ex parte Ferry Company*, 104 U. S. 519, the supreme court of the United States had occasion to pass upon this question, and Chief Justice WAITE, in delivering the opinion of the court, said:

"It is no ground for relief by prohibition that provision has not been made for a review of the decision of the court

of original jurisdiction, by appeal or otherwise. A prohibition cannot be made to perform the office of a proceeding for the correction of mere errors and irregularities. If there is jurisdiction, and no provision for appeal or writ of error, the judgment of the trial court is the judgment of the court of last resort, and concludes the parties."

For the foregoing reasons, the writ is denied.

DUNBAR, J., concurs.

STILES and SCOTT, JJ., concur in the result.

HOYT, J., dissents.