[No. 28085. *En Banc.* November 6, 1941.]

THE STATE OF WASHINGTON on *the Relation of Dave S. Cohn, as Director of Licenses, Plaintiff,* v. THE SUPERIOR COURT FOR THURSTON COUNTY, *D. F. Wright, Judge, Respondent.*[1]

*The Attorney General, John E. Belcher,* and *W. A. Toner, Assistants,* for relator.

*Richard S. Munter* and *Justin C. Maloney,* for respondent.

ROBINSON, C. J.—A proceeding was instituted in the department of licenses to revoke the license of the Morse Beauty Culture School, a hairdressing and

[1]Reported in 118 P. (2d) 783.

beauty culture school conducted by Mrs. Mary Ellen Morse in the city of Spokane. A complaint, signed by a supervisor in the department, was served upon Mrs. Morse, charging that the school was being conducted in an unsanitary manner, and that students were not being given sufficient instruction, in violation of the provisions of chapter 215, Laws of 1937, p. 1041 (Rem. Rev. Stat. (Sup.) § 8278-1 [P. C. § 427-11] *et seq.*), the so-called beauty culture act, and the rules and regulations of the department. A hearing was had upon the charges contained in the complaint before a committee appointed by the director of licenses, and thereafter the committee entered an order suspending the license of the school for a period of ninety days. The order recites that the charges contained in the complaint are fully proven by the evidence. Mrs. Morse appealed to the superior court of Thurston county.

In the superior court, the director of licenses filed an amended complaint containing charges which were not contained in the original complaint heard by the committee. It was stipulated that the appeal should be heard on the evidence introduced at the hearing before the committee, a transcript of which was filed in the superior court. Thereafter, the court entered a judgment vacating the order of the committee and dismissing the complaint.

The findings entered by the court recite:

"That the allegations of the original complaint on file herein do not warrant the findings and holdings of the committee and under the circumstances of this case an amended complaint could not be filed in this court which would make the testimony relevant and competent that was irrelevant and incompetent under the original complaint; that the infraction of the law charged in the original complaint relates to minor matters, many of which were remedied by the school

when they were called to the manager's attention after the visit of the inspector.

"That the Findings, Order and Decision of the Committee appointed by the Director of Licenses are not supported or justified by the allegations of the complaint preferred or by the evidence properly introduced in support thereof."

The director of licenses has applied to this court for a writ of review. The writ is sought for the purpose of having this court review the action of the superior court in refusing to entertain or give consideration to the charges contained in the amended complaint.

■ The contention that the court should have given consideration to the charges contained in the amended complaint is based upon the provisions of the act authorizing appeals from decisions of the committee to the superior court of Thurston county. Section 16(b) of the act (Rem. Rev. Stat. (Sup.) § 8278-16(b) [P. C. § 427-26(b)]) provides:

"Any person feeling himself aggrieved by the refusal of the director to issue any license provided for in this act, or renew the same, or by the revocation or suspension of any license issued under the provisions of this act, shall have the same right and appeal from the decision of the committee granted by Remington's Revised Statutes, section 10864."

Rem. Rev. Stat., § 10864 [P. C. § 4-106], provides:

"Any person feeling himself aggrieved by the refusal of the director of licenses to issue any license provided for in this act, or to renew the same, or by the revocation or suspension of any license issued under the provisions of this act or any law being administered under this act, shall have a right of appeal from the decision of the director of licenses to the superior court of Thurston county, which appeal shall be taken, prosecuted, heard, and determined, as near as may be, in the manner provided by law for taking, prosecuting, hearing, and determining appeals from justices' courts to superior courts. No appeal shall lie from the de-

cision of the superior court of Thurston county on such appeals from the director of licenses, but such decisions may be reviewed as to matters of law by the supreme court upon writs of review sued out in the manner provided by law."

The argument is made that, since, upon an appeal to the superior court from a judgment of a justice of the peace, an amended complaint may be filed in the superior court, containing charges not contained in the original complaint, and those charges may be tried by the superior court (*State ex rel. Bagley v. Superior Court*, 3 Wash. 705, 709, 29 Pac. 213, 214), therefore upon an appeal to the superior court of Thurston county from a decision of a committee appointed under the provisions of the beauty culture act, an amended complaint may be filed in the superior court containing charges not contained in the complaint presented to the committee, and those charges may be tried by the superior court.

We cannot agree with this contention. The reason why an amended complaint may be filed in the superior court, in a proceeding instituted by appeal from a judgment of a justice of the peace, is that the superior court has original jurisdiction of the offense or cause of action stated in the complaint. Here, the original jurisdiction to try charges is vested solely in the committee. We quote from § 16(a), chapter 215, Laws of 1937, p. 1051, Rem. Rev. Stat. (Sup.), § 8278-16 [P. C. § 427-26] (a):

"The hearing shall be conducted by the committee, which shall be the *sole* judge of the charges. . . ." (Italics ours.)

It was the evident intention of the legislature to give original jurisdiction to hear charges solely to the committee, and to the superior court of Thurston county appellate jurisdiction only to review the charges so heard.

It is said in relator's brief:

"The cause is tried *de novo* and if the court had no jurisdiction in the inception, nevertheless, it has full and complete authority when the case comes here properly."

There is no merit in this contention. Here, the attempt was to create new issues in the superior court. We have said in *In re Littlefield,* 61 Wash. 150, 153, 112 Pac. 234:

"Undoubtedly a trial *de novo* does mean, and is generally understood to mean, a trial anew; but it means anew, of course, only as to the questions in issue."

The judgment appealed from is affirmed.

ALL CONCUR.