W. B. GREENLAW, *Admr.*, *v.* LOUISVILLE & NASHVILLE
RAILROAD COMPANY.

(*Nashville.*   December Term, 1904.)

1. **VERDICT.**  **Not to be directed upon undisputed facts testified
to by one witness, where other facts are testified to by other
witnesses, when.**

Where, in an action for wrongful death, the undisputed facts
testified to by one of the plaintiff's witnesses showed that the
deceased was guilty of contributory negligence which was the
direct and proximate cause of the accident causing the death,
it was improper for the judge to direct a verdict for the de-
fendant upon consideration of the evidence of the one witness
only, but such direction if proper, should be based upon a con-
sideration of the entire evidence, and not upon detached por-
tions thereof, and if not so based, and other facts were testified
to by other witnesses, he should instruct the jury to find for
the defendant, if they believe the testimony in the case shows
such contributory negligence.

2. **SAME.**  **Same.**  **No reversal for direction of verdict, where
merits have been reached, when.**

But where, upon a consideration of the entire evidence, the su-
preme court is of the opinion that the trial judge was right in
his conclusions in directing a verdict for defendant, and that
the merits of the case have been reached, there is no reversi-
ble error in the action of the court in so directing a verdict,
and the judgment will be affirmed.

Cases cited and approved:   Graham v. Bradley, 5 Hum., 476;
Farquhar v. Toney, 5 Hum., 502; Robinson v. Railroad, 2 Lea,
594; Gregory v. Underhill, 6 Lea, 211; Jones v. Iron Co., 14
Lea, 157.

Greenlaw v. Railroad.

---

FROM MAURY.

---

Appeal from the Circuit Court of Maury County.—
SAM HOLDING, Judge.

GREENLAW & WHITTHORNE and SALMON & TURNER,
for Greenlaw.

GEO. T. HUGHES and JOHN BELL KEEBLE, for Rail-
road.

---

MR. JUSTICE WILKES delivered the opinion of the
Court.

This is an action by the administrator of Prince
Frierson against the railroad company for injuries re-
sulting in the death of Frierson. The case was heard
before the court and a jury, and, after the close of the
testimony, the court charged the jury as follows:

"When the facts are admitted and undisputed, the
question of negligence is a question which the court
may determine, and the court may do so without sub-
mitting to the jury; or if the admitted and undisputed
facts show both parties guilty of negligence, then the
court may also determine the question whose negli-
gence, if anybody's, was the direct and proximate cause
of the accident and injury. It is the law in cases of

this kind, under the statute made for the prevention of accidents upon a railroad, that the plaintiff show not only that the defendant was negligent, but also that the defendant's negligence was the direct and proximate cause of his injury; for if the plaintiff's own negligence—that is, in this case, if the deceased's negligence—was the direct and proximate cause of the accident, or if his negligence proximately contributed to the accident, the plaintiff cannot recover.

"The undisputed facts in this case are that the deceased, Prince Frierson, was out between the main track and the passing track, with the baggage trucks, awaiting the arrival of the Mt. Pleasant accommodation, which was then backing in on the main track, going south, for the purpose of transferring the baggage on the trucks to the baggage car, as it was the duty of the deceased to do.

"And at the same time there was a switch train going north, being run on the passing track. It is also undisputed that the deceased's attention had been called to the switching train, and that he saw the approaching switch train before he took his position at the south end of the baggage trucks, and that, after taking his position at the south end of the baggage trucks, he left that position and came around to the side of the trucks, and, in so doing, he stepped within striking distance of this moving switch train just in time to be struck by it, and he was knocked down, run over, and killed.

"These are the immediate facts of the accident, as testified to by plaintiff's own witness, the only one of his witnesses who saw the accident; and these facts are not disputed.

"Therefore, upon these undisputed facts in this case, I charge you that the deceased, Prince Frierson, was guilty of negligence in stepping within striking distance of the moving train under the above circumstances, and that such negligence was the direct and proximate cause of the accident, and that the plaintiff cannot recover.

"You will therefore return a verdict for the defendant, which you may do in the box, or retire—either."

It is said, by way of assignment of error, that the practice of directing verdict by trial judge is one not sanctioned by our practice, but, on the contrary, it is condemned by a number of cases.

On the other hand, it is contended that it is, or should be, proper practice in a proper case.

Without passing directly upon this question, we are of opinion that, under the facts disclosed in this record, a proper case is not presented for the direction of the jury by the trial judge in arriving at their verdict.

It will be noticed from the charge of the trial judge, which we have quoted above, that he makes a statement of the case, and says: "These are the immediate facts of the accident as testified to by the plaintiff's own witness, the only one of his witnesses who saw the accident; and these facts are not disputed. Therefore,

Greenlaw v. Railroad.

upon these undisputed facts in this case, I charge you," etc., to the effect that the deceased was guilty of negligence, which was the direct and proximate cause of the accident; therefore that the plaintiff, as his administrator, could not recover.

We think it was error in the court to base his findings and charge upon the testimony of any one witness, ignoring all the other testimony in the case, although that witness may have been in a better position than any other to see and know the facts attending the accident.

Now, while the facts stated by the trial judge are proven and not disputed, and would, if alone considered, be sufficient to prevent a recovery, perhaps, still there are other facts testified to by other witnesses which should not be ignored by the judge, but he should have told the jury that if they believed the testimony given in the case, then there was no ground of recovery, and they should give their verdict accordingly. But the entire case should be submitted, and considered by the judge, and the jury should still have left to them the credibility of the witnesses and the reliability of the testimony.

This court has had a number of cases before it in which the trial judge has, after a consideration of the entire record, directed the jury what verdict to return; and, although the court has not in express terms approved the practice, it has said in a number of cases that, if the trial judge has arrived at a correct conclu-

sion, the verdict of the jury and judgment of the court, based upon his instructions, will not be disturbed. *Graham* v. *Bradley,* 5 Humph., 476; *Farquhar* v. *Toney,* 5 Humph., 502; *Robinson* v. *Railroad,* 2 Lea, 594; *Gregory* v. *Underhill,* 6 Lea, 211; *Jones* v. *Cherokee Co.,* 14 Lea, 157.

There are a number of cases in our books which seem to hold that the practice of directing a verdict does not prevail in Tennessee.

Undoubtedly, in other jurisdictions the weight of authority is that such a practice is proper and conducive to the prompt and proper determination of legal controversies.

Practically the same result is reached by a demurrer to the evidence, and it is difficult to see why the practice of directing a verdict is not warranted by reason as much so as is the practice of demurring to the evidence. Indeed, in its practical application, it is more simple, direct, and easily understood, and better calculated to do justice and arrive at a correct result, than is the practice of demurring to the evidence. The practice of demurring to the evidence was in disuse in this State for a long number of years, until quite recently, and now prevails quite generally, and, we think, with beneficial results.

In the practical operation of the two modes of procedure, as we have before stated, directing the verdict appears to be the more direct and easily administered, and is not fraught with such summary results to the

Greenlaw v. Railroad.

party demurring as is the case when the demurrer is not sustained.

We think, however, that, wherever the jury is directed to return a verdict, it should be upon a consideration of the entire evidence in the case, and not upon any detached portion of such evidence.

In the present case, we quite agree with the learned trial judge that the deceased was guilty of negligence, which was the direct and proximate cause of the accident, and the plaintiff cannot recover as his administrator.

We are of opinion, therefore, that the merits of the case have been reached, and that there is no reversible error in the action of the court below, and the judgment of the court below is affirmed, with costs.