GIBSON v. BELLINGHAM & N. RY. CO.

(District Court, W. D. Washington, N. D.    April 20, 1914.)

No. 2708.

1. CONSTITUTIONAL LAW (§ 45*)—DETERMINATION OF CONSTITUTIONAL QUESTION—JURISDICTION OF DISTRICT COURTS.

Courts of the United States inferior to the Supreme Court are created by acts of Congress, and their jurisdiction is dependent upon the same source; hence such a court cannot hold unconstitutional a provision of a congressional act limiting the right to remove causes from a state court.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 42; Dec. Dig. § 45.*]

2. JURY (§ 11*)—APPLICATION OF PROVISIONS OF FEDERAL CONSTITUTION TO STATE COURTS.

The seventh constitutional amendment, providing that "in suits at common law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved," does not apply to the states, but to the federal and territorial courts only.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 19–24; Dec. Dig. § 11.*]

3. REMOVAL OF CAUSES (§ 3*)—LIMITATION OF RIGHT—SUITS BROUGHT UNDER EMPLOYERS' LIABILITY ACT—"COURT OF COMPETENT JURISDICTION."

A state is not inhibited by the federal Constitution from providing for a jury in its courts of less than 12 men, nor for a verdict which is not unanimous, and, notwithstanding such a provision, a state court, if otherwise so, is a "court of competent jurisdiction" within the meaning of the provision of Judicial Code, § 28 (Act March 3, 1911, c. 231, 36 Stat. 1094 [U. S. Comp. St. Supp. 1911, p. 140]), that no case arising under the federal Employers' Liability Act and brought in any state court of competent jurisdiction shall be removable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5; Dec. Dig. § 3.*

For other definitions, see Words and Phrases, vol. 2, p. 1685.]

4. COURTS (§ 157½ New, vol. 19 Key-No. Series)—JURISDICTION—SUIT IN STATE COURT BASED ON FEDERAL STATUTE.

A superior court of Washington is a court of competent jurisdiction to entertain an action brought under the federal Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322).

At Law.    Action by William Gibson against the Bellingham & Northern Railway Company.   On motion to remand to state court.   Motion granted.

Romaine & Abrams, of Bellingham, Wash., for plaintiff.

George W. Korte, of Seattle, Wash., and Newman & Kindall, of Bellingham, Wash., for defendant.

NETERER, District Judge.    Plaintiff brought action against the defendant in the superior court of Washington for personal injuries sustained under the Employers' Liability Act.   Thereafter, on motion of the defendant, the action was removed to this court.   A motion has been made to remand the cause.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Section 28, Judicial Code, provides:

"That no case arising under an act entitled 'An act relating to the liability of common carriers by railroad to their employés in certain cases,' approved April twenty-second, nineteen hundred and eight, or any amendment thereto, and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

The Constitution and laws of Washington provide for a verdict in civil actions when 10·of a jury of 12 consent thereto. It is contended that the provision of the Judicial Code denying the right of removal is in contravention of the seventh amendment to the Constitution of the United States, unless it be held that the Washington state court is not a court of "competent jurisdiction" within the meaning of the provision.

[1] The constitutionality of the provision denying the right of removal must be sustained in any event. Courts inferior to the Supreme Court are created by acts of Congress, and their jurisdiction is dependent upon the same source. Congress may confer or withhold from them power to hear and determine any of the cases to which the judicial power of the United States extends; and it therefore follows that it may prescribe when the right of removal from a state court shall exist. Turney v. Bank of North America, 4 Dall. 10, 1 L. Ed. 718; Gaines v. Fuentes, 92 U. S. 17, 18, 23 L. Ed. 524; Lewis Publishing Co. v. Wyman (C. C.) 152 Fed. 200; Anaconda Copper Min. Co. v. Butte-Balaklava (D. C.) 200 Fed. 808.

Defendant further contends that the Washington state court is not a court of "competent jurisdiction" within the meaning of the provision denying the right of removal, for the reason that the seventh amendment to the Constitution provides for a trial by jury, which has been held to mean 12 men unanimously consenting, and the Constitution and laws of Washington provide for a verdict by the consent of a less number than 12.

The seventh amendment provides:

"In suits at common law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved."

[2] It has frequently been held that this provision contemplated a jury as constituted at common law of which the unanimous verdict of 12 men was an essential feature. Thompson v. Utah, 170 U. S. 343, 18 Sup. Ct. 620, 42 L. Ed. 1061; American Pub. Co. v. Fisher, 166 U. S. 464, 17 Sup. Ct. 618, 41 L. Ed. 1079; Rasmussen v. United States, 197 U. S. 516, 25 Sup. Ct. 514, 49 L. Ed. 862; Black v. Jackson, 177 U. S. 349, 20 Sup. Ct. 648, 44 L. Ed. 801. Those were cases, however, arising in the United States District or Circuit Courts, or in the territories, the courts of which were created by congressional act. It has been held by a long line of decisions that the seventh amendment does not apply to the states, and that a state is not inhibited by the federal Constitution from providing for a jury of less than 12 men, or for a verdict that is not unanimous. Edwards v. Elliott, 21 Wall. 532, 557, 22 L. Ed. 487; Barron v. Baltimore, 7 Pet. 243, 8 L. Ed. 672; Twitchell v. Pennsylvania, 7 Wall. 321, 19 L. Ed. 223; Walker v.

Sauvinet, 92 U. S. 90, 23 L. Ed. 678; Maxwell v. Dow, 176 U. S. 581, 20 Sup. Ct. 448, 494, 44 L. Ed. 597.

Nor is a trial under a state statute abridging the number of jurors, or dispensing with the feature of unanimity, a denial of "due process" within the inhibition of the fourteenth amendment, which does not apply to the states. Hurtado v. California, 110 U. S. 517, 4 Sup. Ct. 111, 292, 28 L. Ed. 232; Kennard v. Louisiana, 92 U. S. 480, 23 L. Ed. 478; Davidson v. New Orleans, 96 U. S. 97, 24 L. Ed. 616. Congress cannot enlarge the jurisdiction of a state court, nor has it power to prescribe rules of procedure or methods of trial to be followed in a state tribunal. Claflin v. Houseman, 93 U. S. 141, 23 L. Ed. 833.

[3] A state may constitute its tribunals for the enforcement of rights and redress of wrongs, and so long as it does not infringe the "due process of law" clause of the fourteenth amendment, and comes within the classic words of Mr. Webster, "The general law, a law which hears before it condemns, which proceeds upon inquiry, and renders judgment only after trial," it is in conflict with no provision of the federal Constitution. Within that sphere the power which the state court may wield is necessarily determined by the authority which calls it into being. Its power to take cognizance of and redress a wrong is the primary question to be considered in determining its "competency"; the particular method of trial adopted is a secondary matter, and becomes important only when it is such as to come in conflict with the fourteenth amendment, and amount to a deprivation of rights there guaranteed, without due process of law. Then and only then could its method of procedure affect its power or jurisdiction. When its method of procedure satisfies this test, we must look to the authority creating it, and defining its powers and jurisdiction, to determine whether it is "competent," whether it has the power to hear and determine the particular controversy and afford the appropriate relief.

[4] Article 4, § 6, of the Constitution of Washington, provides:

"The superior court shall have original jurisdiction in all cases in equity and in all cases at law which involve the title or possession of real property, or the legality of any tax, impost, assessment, toll, or municipal fine, and in all other cases in which the demand or the value of the property in controversy amounts to one hundred dollars. * * * The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court."

"The superior courts of this state are courts of general jurisdiction." State ex rel. Reed v. Jones, 2 Wash. 662, 665, 27 Pac. 452, 26 Am. St. Rep. 897.

It conclusively appears from this section that the superior court of the state has power to hear and determine a controversy similar to the one involved in this suit. It appears from the decisions of the Washington Supreme Court that the superior courts may take cognizance of actions for personal injuries, and that actions for such injuries are brought and tried, not only when the injury occurred within the state, but where the right of action arose outside of the state. In the latter event, the right of the plaintiff to recover is determined by the laws of the state where his injury was sustained, but the rules of procedure and methods of trial employed are those of the tribunal whose aid is invoked. Bank of U. S. v. Donnally, 8 Pet. 361, 8 L. Ed.

974; Wilcox v. Hunt, 13 Pet. 378, 10 L. Ed. 209; Willard v. Wood, 135 U. S. 312–313, 10 Sup. Ct. 831, 34 L. Ed. 210; Northern Pac. R. Co. v. Babcock, 154 U. S. 190, 197, 14 Sup. Ct. 978, 38 L. Ed. 958; Evey v. Mexican Central R., 26 C. C. A. 407, 81 Fed. 294, 38 L. R. A. 387; La Selle v. Woolery, 14 Wash. 70, 44 Pac. 115, 53 Am. St. Rep. 855; 31 Cyc. 45; 22 Am. & Eng. Enc. of Law, 1383.

There is no sound reason why the principle should be different when a right of action created by a federal statute is sought to be enforced in a state court. The right of trial by a jury of 12, where the assent of all is necessary to a verdict, is but a method of trial prevailing in the federal courts. The fact that it is prescribed by the federal Constitution does not change its essential character. It was intended to regulate the procedure of trials in the federal courts, not to be annexed as a condition to the enforcement of a right of action. A state court of general jurisdiction may enforce a right created by federal laws where exclusive jurisdiction is not vested in the federal courts. Not only is this true, but it is the duty of the state court to observe and enforce rights created by federal laws.

"When Congress, in the exertion of the power confided to it by the Constitution, adopted that act, it spoke for all the people and all the states, and thereby established a policy for all. That policy is as much the policy of Connecticut as if the act had emanated from its own Legislature, and should be respected accordingly in the courts of the state." Second Employers' Liability Cases, 223 U. S. 1, 57, 32 Sup. Ct. 169, 178 (56 L. Ed. 327, 38 L. R. A. [N. S.] 44).

The suggestion that the Industrial Insurance Act of Washington (Laws of Washington 1911, c. 74, p. 345) has abolished all causes of action for personal injuries has no merit. Section 18 of the act provides that the provisions of the act shall not apply except under conditions set out in this section, which do not appear in the record.

Jurisdiction is defined by Bouvier as follows:

"The authority by which judicial officers take cognizance of and decide causes. Power to hear and determine a cause."

The word "competent" as used in the statute is descriptive of the nature and extent of such power, not to the means by which it is exercised. Congress, having no right to create state courts or to provide rules for their procedure, must have contemplated that the competency of their jurisdiction should be determined by the principles prevailing in the state creating them. Congress knew that the jurisdiction of such a court was not affected by its rules of procedure so long as the fourteenth amendment was not violated. Congress was also aware that its rules of procedure were not limited by the seventh amendment, and Congress will be charged with knowledge that certain states provided for a verdict without the unanimous consent of 12 men. If Congress had intended that a rule of procedure or method of trial should be invoked to test the competency of the state court's jurisdiction, it would have expressly so provided.

It is manifest, if the contention of defendant is correct, that a large number of litigants would be absolutely remediless. If the seventh amendment is attached as a condition to the enforcement of every right created by federal laws, a party in those cases where a specific excep-

tion is not made as to the jurisdictional amount could bring no action in a state where a verdict could be rendered by less than 12 jurors, if the amount in controversy did not exceed $3,000. Section 28, Judicial Code. The federal court would have no jurisdiction, for its jurisdiction is dependent upon the act of Congress, and the state court would not be competent to afford relief. Courts may well hesitate before adopting a construction certain to be followed by such serious consequences.

An order may be entered remanding the cause to the state court.