## Chesapeake & Ohio Railway Company v. Kelly's Administratrix.

(Decided December 15, 1914.)

### Appeal from Montgomery Circuit Court.

1. Employers' Liability Act—Jury Trial—Majority Verdict.—In cases brought in the State court under the Federal Employers' Liability Act, three-fourths or more of the jury may return the verdict, as provided in section 2268 of the Kentucky Statutes, and the fact that under our Constitution and laws three-fourths of the jury may return a verdict, does not deny the courts of our State jurisdiction to enforce rights under the Federal Employers' Liability Act.

2. Jurisdiction—Of State Courts to Enforce Rights Under Congressional Legislation —State courts have jurisdiction to enforce civil

rights arising under congressional legislation, unless the jurisdiction is denied by the legislation.

3. Jurisdiction—Of State Courts to Enforce Rights Under Congressional Legislation—Practice.—When State courts are given jurisdiction to hear and determine causes of action created by Federal legislation, they may exercise this jurisdiction according to the practice and procedure of the forum, subject to such conditions as Congress may attach to the legislation.

SHELBY, NORTHCUTT & SHELBY and L. APPERSON for appellant.

O'REAR & WILLIAMS for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE CARROLL—Overruling.

Counsel for appellant, in a petition for a rehearing, present for the first time the argument that the judgment below should be reversed because the Montgomery Circuit Court had no jurisdiction to entertain or determine the action.

The Seventh Amendment to the Constitution of the United States provides: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved; and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules at the common law." And it has been uniformly held by the Supreme Court of the United States that the jury trial contemplated by this section is the right to a trial by a jury of twelve men whose finding shall be unanimous: American Publishing Co. v. Fisher, 166 U. S., 464, 41 L. Ed., 1079; Thompson v. Utah, 170 U. S., 343, 42 L. Ed., 1061; Black v. Jackson, 177 U. S., 349; 44 L. Ed., 801.

Section 248 of the Constitution of this State reads in part: "The General Assembly may provide that in any or all trials of civil actions in the circuit courts, three-fourths or more of the jurors concurring may return a verdict, which shall have the same force and effect as if rendered by the entire panel."

Section 2268 of the Kentucky Statutes, enacted pursuant to this constitutional provision, provides: "That in all trials of civil actions in the circuit courts, three-fourths or more of the jurors concurring may return a verdict, which shall have the same force and effect as if rendered by the entire panel. But where a verdict is

rendered by a less number than the whole jury, it shall be signed by all the jurors who agree to it."

Section six, as amended in 1910, of the Federal Employers' Liability Act, provides that "Under this act an action may be brought in a circuit court of the United States in the district of the residence of the defendant, or in which the cause of action arose, or in which defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states, and no cases arising under this act and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

The argument against the jurisdiction of the Montgomery Circuit Court is this: It is said that Congress did not have power to confer or commit jurisdiction of cases arising under the Federal Employers' Liability Act to the courts of any State that does not recognize the binding necessity for a jury of twelve and a unanimous verdict, or that has by its Constitution and laws taken from its courts the authority to require a unanimous verdict of such a jury, because under the seventh amendment it is indispensable that every court that hears and determines a common law case arising under congressional legislation shall have the power to require a jury of twelve and a unanimous verdict, which power is denied to the courts of this State by the Constitution and Statutes of the State.

It will, however, be observed that this congressional legislation does not confer jurisdiction on State courts to hear and determine cases arising under the Act; it merely recognized the existing jurisdiction of State courts, and to make plain this jurisdiction the act provides that "no cases arising under this act and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

It is further well established that State courts may take jurisdiction to enforce civil rights and liabilities arising under congressional legislation unless there be something in the congressional legislation forbidding the State courts to take jurisdiction of cases arising under it. Thus it was said in Claflin v. Houseman, 93 U. S., 130, 23 L. Ed., 833: "The laws of the United States are laws in the several states, and just as much binding on the citizens and courts thereof as the State laws are.

The United States is not a foreign sovereignty as regards the several states, but is a concurrent, and, within its jurisdiction, paramount, sovereignty. * * * If an act of Congress gives a penalty (meaning civil and remedial) to a party aggrieved, without specifying a remedy for its enforcement, there is no reason why it should not be enforced, if not provided otherwise by some act of Congress, by a proper action in a State court. The fact that a State court derives its existence and functions from the State laws is no reason why it should not afford relief; because it is subject also to the laws of the United States, and is just as much bound to recognize these as operative within the State as it is to recognize the State laws.''

In L. & N. R. R. Co. v. Scott, 133 Ky., 724, the suit was brought in the State court against the railroad company to recover damages under the congressional legislation known as the Carmack Amendment to the Interstate Commerce Act, and in holding that the State court had jurisdiction to enforce the provisions of this act, we said:

''The acts of Congress within the sphere of its jurisdiction are the law of the land no less than the acts of the State Legislature within the sphere of its jurisdiction, and as the court must take judicial notice of these laws, and as facts of which it must take judicial notice, by the Code, need not be stated in the pleadings, it was unnecessary for the plaintiff to refer to the United States Statute in his petition. Accordingly, we have uniformly given judgment against carriers where they had in shipping stock from one state to another failed to water the stock, as required by the act of Congress, without any reference in the pleadings to that act.'' This case was affirmed by the Supreme Court of the United States in L. & N. v. Scott, 219 U. S., 209, 55 L. Ed., 183.

Speaking of the Federal Employers' Liability Act in Mondou v. N. Y., N. H. & H. Railroad Co., 223 U. S., 1, 56 L. Ed., 327, the Supreme Court said, in reference to the action of the Connecticut court in declining to take jurisdiction of cases arising under the act, that ''there is not here involved any attempt by Congress to enlarge or regulate the jurisdiction of State courts, or to control or affect their modes of procedure, but only a question of the duty of such a court, when its ordinary jurisdiction, as prescribed by local laws, is invoked in conformity with those laws, to take cognizance of an action

to enforce a right of civil recovery arising under the act of Congress and susceptible of adjudication according to the prevailing rules of procedure * * * We conclude that rights arising under the act in question may be enforced, as of right, in the courts of the states when their jurisdiction, as prescribed by local laws, is adequate to the occasion."

In as much then as State courts, as a matter of right, independent of congressional sanction, have jurisdiction to enforce civil rights and remedies created by congressional legislation unless the right is denied by the legislation, it is difficult to understand upon what ground the assertion can be soundly rested that the seventh amendment controls jury trials in State courts in the face of the often-repeated declaration of the Supreme Court that this amendment affects only trials in courts of the United States. Maxwell v. Dow, 176 U. S., 581, 44 L. Ed., 597; Edwards v. Elliott, 21 Wall, 532, 22 L. Ed., 487; Bolln v. Nebraska, 176 U. S., 83, 44 L. Ed., 382; Twitchell v. Pennsylvania, 7 Wall, 321, 19 L. Ed., 223; Walker v. Sauvinet, 92 U. S., 90, 23 L. Ed., 678.

It therefore seems to us that when State courts are given jurisdiction to hear and determine causes of action created by Federal legislation they may exercise this jurisdiction according to the practice and procedure of the forum and under the jury system adopted subject of course to such conditions as Congress may attach to the legislation; and Congress did not in the legislation here in question, attempt to attach any conditions to the practice and procedure through which the jurisdiction of State courts of competent jurisdiction might be exercised in the enforcement of rights arising under this Act. Gibson v. Bellingham & N. Ry. Co., 213 Fed., 488; Winters v. Minneapolis & St. L. R. R. Co., Minn., 148 N. W., 1096.

It might be added that as it appears from the record that there was in this case a jury of twelve and a unanimous verdict, it may seriously be questioned if the appellant has the right to raise the constitutional question we have discussed. But, in order to remove any doubt of the right of appellant to avail itself on appeal of an adverse ruling on the subject presented in the petition for a rehearing, we have stated our views at some length.

The petition for a rehearing is overruled.