H. M. Brenizer *v.* Nashville, Chattanooga & St. Louis Railway.*

## (*Knoxville*.  September Term, 1927.)

Opinion filed February 18, 1928.

### 1. CONSTITUTION.  JURY TRIAL.  DIRECTED VERDICT.

Where there is no controversy as to any material fact there is nothing for the jury to find; the question is then solely one of law and in such a case the Court may instruct the jury to return a verdict in accordance with its view of the law applicable to such ascertained or uncontroverted facts without violating the provisions of our Constitution.  (Post, p. 483.)

Citing: Section 6, Article 1, Constitution of Tennessee; Section 9, Article 6, Constitution of Tennessee; Greenlaw v. Railroad, 114 Tenn. (6 Cates), 187; Tyrus v. Railroad, 114 Tenn. (6 Cates), 579.

### 2. CONSTITUTION.  JURY TRIAL.  DIRECTED VERDICT.  MATERIAL EVIDENCE.  CONCLUSIONS.

There can be no constitutional exercise of the power to direct a verdict in any case in which there is dispute as to any material evidence, or any legal doubt as to the conclusion to be drawn from the whole evidence.  (Post, p. 483.)

Citing: Tyrus v. Railroad, 114 Tenn. (6 Cates), 187.

### 3. JURY TRIAL.  DIRECTED VERDICT.  SCINTILLA RULE.

Under the "scintilla rule," as applied in our practice, a case does not have to be submitted to the jury where there is a mere "spark" or "glimmer" of evidence.  It means that where there is some evidence of a material or substantial nature to support the plaintiff's case, the Court will not undertake to determine its comparative value or weight, but will leave the determination of the conflict to the jury.  (Post, p. 484.)

Citing: L. & N. R. R. Co. v. Johnson, 161 Ky., 824.

---

*As to applicability of state Statutes and rules of law to actions under Federal Employers' Liability Act, see annotation in 12 A. L. R., 715, 716; 18 R. C. L., 858; 3 R. C. L. Supp., 864; 4 R. C. L. Supp., 1220.

As to duty of trial court to set aside verdict which does not accord with weight of evidence, see 20 R. C. L., 273; 5 R. C. L. Supp., 1094.

4. VERDICT. NEW TRIAL. FEDERAL PRACTICE. STATE PRACTICE.

The difference in the Federal and State practice in that a Federal judge may finally dispose of a case on the weight of the proof, while a judge of a Tennessee State Court may not do so is grounded on the Constitution, the State Constitution limiting the power of the trial judge while the Federal Constitution does not do so. (Post, p. 484.)

Citing: Section 4850 Shannon's Code (Act of 1801).

5. CONSTITUTION. FEDERAL EMPLOYERS' LIABILITY ACT. PRACTICE.

The Federal Employers' Liability Act not expressly providing for any change or modification of the rules or practice in the State Courts, we are not authorized to disregard the State Constitution and conform to the Federal rule of practice. (Post, p. 484.)

Citing: Mondou v. N. Y. N. H. & H. R. Co., 223 U. S., 1, 56 L. Ed., 327, 39 C. J., 1117.

6. FEDERAL EMPLOYERS' LIABILITY ACT. EVIDENCE. JURY.

Evidence which would take a case under the State Law to the jury will take a case under the Federal Employers' Liability Act to the jury, and if there is evidence supporting the essential allegations, there is a question for the jury. (Post, p. 485.)

Citing: Louisville, etc., R. Co. v. Winkler, 162 Ky., 843, 173 S. E., 151; Louisville, etc., R. Co. v. Johnson, 161 Ky., 824, 171 S. W., 847; Louisville, etc., R. Co. v. Holloway, 163 Ky., 125, 173 S. W., 343; C. & O. R. Co. v. Kelly's Admx., 161 Ky., 655.

7. FEDERAL EMPLOYERS' LIABILITY ACT. POWERS OF THE CONGRESS. RULES OF PROCEDURE.

Congress does not have the power to enlarge the jurisdiction of the State courts, nor has it power to prescribe rules of procedure or methods of trial to be followed in a State tribunal. (Post, p. 486.)

Citing: C. & O. R. R. Co. v. Kelly's Admx., 161 Ky., 655, 241 U. S., 485, 60 L. Ed., 1117; Gibson v. Bellingham & N. Ry. Co., 213 Fed., 488; Winters v. Minn. & St. L. R. R. Co., 126 Minn., 260, 148 N. W., 1096; Minn. & St. L. R. R. Co. v. Bombolis, 241 U. S., 211, 60 L. Ed., 961.

8. CONSTITUTION. FEDERAL PRACTICE. PRACTICE IN STATE COURT.

The Seventh Amendment to the United States Constitution applies only to proceedings in courts of the United States and does not in any manner whatever govern or regulate trials by jury in the State courts.  (Post, p. 487.)

Citing: United States Constitution, Seventh Amendment; Minn. & St. L. R. Co. v. Bombolis, 241 U. S., 211, 60 L. Ed., 961; C. & O. R. R. Co. v. De Atley, 241 U. S., 310, 60 L. Ed., 1016; Central Vermont R. Co. v. White, 238 U. S., 507, 59 L. Ed., 1433.

### 9. FEDERAL EMPLOYERS' LIABILITY ACT.  CONSTRUCTION. RULES OF PRACTICE.

In applying and administering rights under the Federal law, the State Courts shall follow the construction and interpretation of the Act by the Federal Courts, but are not required to depart from State rules of practice and procedure.  (Post, p. 488.)

Citing: Central Vermont R. Co. v. White, 238 U. S., 507, 59 L. Ed., 1433; C. M. & St. P. Ry. v. Coogan, 271 U. S., 474, —— Law Ed., ——; Richey's Fed. Employers' Liability (2d Ed.), 262.

### 10. TRIAL BY JURY.  INVIOLATE.

In every case submitted to our State Courts, whether recovery is sought under the common law, a State statute, or a Federal enactment, the right to a trial and determination of a conflict of facts by a jury is inviolate.  (Post, p. 490.)

### 11. FEDERAL COURTS.  STATE COURTS.  RULES OF PRACTICE.

The rule of practice as laid down by the Federal Courts, even though a "convenient one," saving time and expense and giving scientific certainty to the law in its application to the facts, and promoting the ends of justice, was announced for the courts of the United States only, and no purpose was declared to force it upon the State Courts.  (Post, p. 491.)

### 12. APPEAL.  APPLICATION OF FEDERAL RULE.  ERROR.

The Court of Appeals was in error, after having found that there was material evidence for the plaintiff, to apply the Federal rule of practice and affirm the judgment of the trial court directing a verdict for the defendant.  (Post, p. 493.)

#### On Petition to Rehear.

### 13. APPEAL.  SUPREME COURT.  COURT OF APPEALS.  CERTIORARI.

156 Tenn.—31.

This Court does not review a case before it on writ of certiorari as if here on broad appeal, but the questions to be considered here are limited to those raised by the petition for **certiorari.** (Post, p. 494.)

Citing: Acts of 1925, chapter 100, sec. 14; Tri-State Fair v. Rowton, 140 Tenn. (13 Thomp.), 304, 306; Cincinnati, etc., R. Co. v. Brook, 132 Tenn. (5 Thomp.), 477; Lillard v. Tollivar, 154 Tenn. (1 Smith), 304; Brown v. Brown, 196 S. W., 356.

---

*Headnotes 1. Master and Servant, 39 C. J., sections 1301, 1302; Practice, 31 Cyc., p. 1153; Procedure, 32 Cyc., p. 405; 2. New Trial, 29 Cyc., pp. 731, 821; 3. Trial, 38 Cyc., p. 1571; 4. Appeal and Error, 4 C. J., section 2830.

---

### FROM HAMILTON.

---

Appeal from the Circuit Court of Hamilton County.— HON. OSCAR YARNELL, Judge.

P. H. THACH, for plaintiff in error.

BROWN & SPURLOCK and FITZGERALD HALL, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This was a suit to recover for personal injuries. The trial Court directed a verdict for the defendant, after all the evidence had been introduced. The Court of Appeals, finding that "the great weight of the proof supports the contention of the defendant," and conceding that "there is evidence supporting the theory of plaintiff," has affirmed the judgment. The action having been brought under the Federal Employers' Liability Act, the Court of Appeals applied the Federal Court rule of practice and procedure with respect to directed verdicts, rather than the State rule. Petition of plaintiff below for *certiorari*

has been granted challenging this holding of the Court of Appeals, and this is the sole issue before us.

The question is thus squarely presented to this Court for the first time, whether or not, in the trial in the courts of this State of cases grounded on the Federal Act, not only must the Court conform to and follow the Federal Courts in matters of construction and interpretation, but in details of practice and procedure, to the extent even, as illustrated here, of overriding State constitutional restrictions.

(1) Section 6, Article 1 of our Constitution providing, ''that the right of trial by jury shall remain inviolate,'' etc., and Section 9, Article 6, ''Judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law,'' are involved. In our earlier cases these provisions were, perhaps, more strictly construed, but the practice of demurring to the evidence was later approved, and still later it was held that verdicts might be directed by the trial judge, where the facts are uncontroverted and there is no doubt as to the conclusions to be drawn therefrom, but not otherwise. This practice was first definitely approved in *Greenlaw* v. *Railroad,* 114 Tenn., 187, and at the next succeeding term of this Court, in *Tyrus* v. *Railroad,* reported in the same volume, at page 579. Mr. Justice NEIL reviewed our cases fully and announced for the Court this rule, which has been since followed: ''Where there is no controversy as to any material fact, there is nothing for the jury to find; the question is then solely one of law for the Court, and in such a case the Court may instruct the jury to return a verdict in accordance with his view of the law applicable to such ascertained or uncontroverted facts.'' (2) But, said the Court, referring to the provisions of our Constitution above quoted, ''There can be no constitutional exercise of the power to

direct a verdict in any case in which there is a dispute as to any material evidence, or any legal doubt as to the conclusion to be drawn from the whole evidence, upon the issues to be tried." This is sometimes called the "scintilla rule," but perhaps inaccurately. *(3)* More than a "scintilla" is requisite. As well said in *L. & N. R. R. Co.* v. *Johnson,* 161 Ky., 824, "the word 'scintilla,' however, as applied in our practice, does not mean that the case should be submitted to the jury where there is merely a 'spark' or a 'glimmer' of evidence." It means that when there is some evidence of a material or substantial nature to support the plaintiff's case, the Court will not undertake to determine its comparative value or weight, but will leave the determination of the conflict to the jury.

*(4)* However, in this State it is within the power of the trial judge and it is his duty, to set aside the verdict and grant a new trial, but not more than twice, since the Act of 1801, Shannon's Code, section 4850, when in his judgment, it is against the weight of the evidence. The Federal practice differs in this, that when the evidence, with all inferences that the jury could justifiably draw from it, is insufficient, in the judgment of the trial judge, to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, the Judge is not bound to submit the case to the jury, but may direct a verdict for the defendant.

This difference in the practice has a constitutional root, in that, while the Tennessee Constitution limits the power of the trial judge, the Federal Constitution does not do so. The judge of a Federal Court may, therefore, finally dispose of the case on the weight of the proof, while the judge of a Tennessee State Court may not so do.

*(5)* But does the fact that the plaintiff in the case on trial seeks a recovery under a Federal statute authorize

our State Courts to disregard our State Constitution and conform to the Federal rule of practice? In a case hereinafter discussed (*Mondou* v. *N. Y. N. H. & H. R. Co.,* *infra*) the United States Supreme Court rested its holding that it was the duty of the State Courts to administer cases arising under this Federal Act on the ground, in part, that the act did not require or contemplate that the State Courts conform to the Federal practice and procedure.

Under the subhead "Conduct of Trial," the rule is thus broadly stated in 39 C. J., at page 1107: "In administering the Federal Employers' Liability Act in a State court, the rules of practice and procedure followed in the trial of common-law actions should be observed, except in so far as the act itself changes or modifies those rules." It must be conceded that the Federal Act does not expressly provide for any such changes or modifications. *(6)* And quoting further from 39 C. J., same page, "all questions of fact or mixed questions of law and fact are for the jury, under proper instructions from the Court, and the case should be submitted to the jury where the material facts are in dispute," etc. Many authorities are cited, note (a) reading:

"Evidence which would take a case under the State law to the jury will take a case under the Federal Employers' Liability Act to the jury, and if there is evidence supporting the essential allegations, there is a question for the jury. *Louisville, etc., R. Co.* v. *Winkler,* 162 Ky., 843, 173 S. W., 151; *Louisville, etc., R. Co.* v. *Johnson,* 161 Ky., 824, 171 S. W., 847. The Federal Employers' Liability Act does not affect the practice in State courts in actions thereunder, so as to authorize the application of the rule of Federal courts that a verdict may be directed where the evidence preponderates in favor of one party, although there is a scintilla of evidence to the contrary.

*Louisville, etc., R. Co.* v. *Holloway,* 163 Ky., 125, 173 S. W., 343.''

This note fairly states the direct holdings in the Kentucky cases cited, in which the question now before us was fully considered. *L. & N. R. Co.* v. *Johnson, supra,* cites *C. & O. R. Co.* v. *Kelly's, Admx.,* 161 Ky., 655, for the proposition that, in administering the Federal Employers' Liability Act, the State courts should follow the State practice in the matter of directing verdicts. Therein the Court quotes from the opinion in *Mondou* v. *N. Y. N. H. & H. R. Co.,* 223 U. S. 1, 56 L. Ed., 327, a direct disclaimer of congressional purpose to control the State practice and procedure in cases arising under the Federal act. The Supreme Court of the United States, referring to the refusal of the Connecticut Court to take jurisdiction of cases arising under the act, said, ''there is not here involved any attempt by Congress to enlarge or regulate the jurisdiction of the State courts, *or to control or affect their modes of procedure,* but only a question of the duty of such a court, when its ordinary jurisdiction, as prescribed by local laws, is invoked *in conformity with those laws,* to take cognizance of an action to enforce a right of civil recovery arising under the Act of Congress, and susceptible of adjudication *according to the prevailing rules of procedure.*'' The language, italicised by us, would seem to deal quite definitely with the question before us. *(7)* The Supreme Court of Kentucky concludes that, ''when State Courts are given jurisdiction to hear and determine causes of action created by Federal legislation they may exercise this jurisdiction according to the practice and procedure of the forum and under the jury system adopted, subject, of course, to such conditions as Congress may attach to the legislation; and Congress did not, in the legislation here in question, attempt to attach any conditions to the prac-

tice and procedure through which the jurisdiction of State Courts of competent jurisdiction might be exercised in the enforcement of rights arising under the Act.'' *Gibson* v. *Bellingham & N. Ry. Co.*, 213 Fed., 488; *Winters* v. *Minn. & St. L. R. R. Co.*, 126 Minn., 260, 148 N. W., 1096.

In the Federal case above cited, *Gibson* v. *Ry. Co.*, arising under the Federal Employers' Liability Act, it was declared that ''Congress cannot enlarge the jurisdiction of a State court, *nor has it power to prescribe rules of procedure* or *methods of trial* to be followed in a State tribunal.'' (Italics ours.)

It is significant that the case of *C. & O. R. R. Co.* v. *Kelly's, Admx., supra,* was carried to the U. S. Supreme Court, 241 U. S., 485, 60 L. Ed., 1117, and while reversed and remanded on the question of the method of ascertaining damages, the Court approved the holding of the Kentucky Court as to the question of controlling State procedure, the contention being overruled, that the Seventh Federal Constitution Amendment requiring a unanimous jury, verdict should be treated as controlling in cases tried in Kentucky State Courts under the Federal Employers' Liability Act, rather than the Kentucky State Constitution, following *Minn. & St. L. R. Co.* v. *Bombolis*, 241 U. S., 211, 60 L. Ed., 961. In the last-cited case, Chief Justice WHITE emphasized vigorously the independent existence of the State Courts, and repudiated the suggestion that former holdings ''had overthrown the ancient and settled landmarks and had caused State Courts to become courts of the United States, exercising a jurisdiction conferred by Congress, whenever the duty was cast upon them to enforce a Federal right.'' *(8)* And in the course of this opinion, after announcing as well established that ''the Seventh Amendment applies only to proceedings in Courts of the United States, and does

not in any manner whatever govern or regulate trials by jury in State courts," the Chief Justice said, "And it was, of course, presumably an appreciation of the principles so thoroughly settled which caused Congress, in the enactment of the Employers' Liability Act, to clearly contemplate the existence of a concurrent power and duty of both Federal and State Courts to administer the rights conferred by the statute in accordance with the modes of procedure prevailing in such courts."

And so Mr. Justice PITNEY, in *C. & O. R. Co.* v. *De Atley*, 241 U. S., 310, 60 L. Ed., 1016, citing the *Bombolis case, supra,* and *Central Vermont R. Co.* v. *White*, 238 U. S., 507, 59 L. Ed., 1433, said, "although the present action was based on a Federal statute (Federal Employers' Act), it was triable and tried in a State court; hence local rules of practice and procedure were applicable." An established State rule of practice touching the form of instructions to the jury was under consideration. And so, in *Central Vermont R. Co.* v. *White, supra,* the Court distinguishes between matters of substance, involving construction of the Federal Act and as to which Federal construction controls, and matters of procedure, as to which the local or State practice controls in the State Courts.

*(9)* Learned counsel for defendant railroad herein say, "The Employers' Liability Act was passed by Congress to be construed and enforced according to rules prevailing in the National Courts." The cases relied on by counsel clearly sustain the proposition that the Act is to be "construed" as stated, but if by "enforced" practice and procedure is intended, we find no authority to this effect. The two cases cited by counsel, in their brief, following the paragraph quoted, are *Central Vermont Ry. Co.* v. *White, supra,* and *C. M. & St. P. Ry. Co.* v. *Coogan,* 271 U. S., 474. The quotation made from the

first case reads: "Congress in passing the Federal· Employers' Act evidently intended that the Federal statute should be *construed* in the light of these and other decisions of the Federal Courts," etc. And the quotation from the Coogan case does no more than suggest that the Act is to be given application "as interpreted by the Federal Courts." Here is the essential distinction: In applying and administering rights under the Federal law the State Courts shall follow the construction and interpretation of the Act by Federal Courts, but are not required to depart from the State rules of practice and procedure.

So Mr. RICHEY, in his Federal Employers' Liability (2 Ed.), page 262, says:

"As Congress cannot enlarge the jurisdiction of a State court, nor has it power to prescribe rules of procedure or methods of trial to be followed therein and as the Act does not deal with the question of practice, nor undertake to prescribe the practice to be followed but merely fixes the rights of the parties, the State courts in the trial of actions under the Act follow their own methods of procedure;  . . .  thus the admission of testimony, the sufficiency of the pleadings  . . .  the sufficiency of the evidence to. make a case for the jury . . . ˙ are controlled by the rules of the local courts."

We are not dealing here with substantive law, that is, the positive laws of duties and rights, but with rules of administration or procedure, adjective law. Procedure is defined by Bouvier as, "the methods of conducting litigation and judicial proceedings. 'Practice' like 'procedure' . . . denotes the mode of proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right."

A recent opinion by Mr. Justice SANFORD in *Gulf, Mobile & Northern R. Co.* v. *Wells* (Jan. 3, 1928), is sub-

mitted for the defendant as in point. The case arose in Mississippi under the Federal Employers' Act and the judgment of the State Court was reversed because the Supreme Court found that, "under the applicable principles of law as interpreted by the Federal Courts, the evidence was not sufficient, in kind or amount, to warrant a finding that the negligence of the engineer was the cause of the injury," citing *Seaboard Air Line* v. *Padgett,* 236 U. S., 668, 673; and *Chicago M. & P. R. R. Co.* v. *Coogan, supra.* The Court further said, "we find that on the evidence and all the inferences which the jury might reasonably draw therefrom, taken most strongly against the Railway Company, the contention that the injury was caused by the negligence of the engineer is without substantial support. In no aspect does the record do more than leave the matter in the realm of speculation and conjecture. That is not enough."

(10) The suggestion is that this language implies that a different rule as to the *quàntum* and weight of the evidence is to be applied in cases arising under the Federal Employers' Act from that applied in cases otherwise grounded—though both are tried in the same State court; that, in cases arising under the Federal Act the Court on appeal will review the evidence, not only to ascertain if there is any material evidence to support the finding of the jury, but where the preponderance lies—whether or not the result on the facts meets the approval of the Court. If Mr. Justice SANFORD is to be so understood, which we do not concede, it is to be observed that he was dealing with a case coming from the State Courts of Mississippi, where constitutional restrictions may not apply. However, as we construe the language used and above quoted, the conclusion that, under these conditions, "the jury should have been instructed to find for the defendant," implies no assertion of a conflict, either in

principle or procedure, with the rule in this State. "Without substantial support," etc., is practically equivalent to "no material evidence to support." If, in the instant case, the Court of Appeals had reached a like conclusion on the facts of the case, the duty of that Court would have been to affirm the action of the trial judge on this ground. But, however this may be, under our State Constitution our appellate courts may no more determine a jury case on the weight of the evidence, and dismiss the suit, when the record shows that there was material evidence supporting the verdict, then may the trial courts. So that we come back to the basic proposition that, in every case submitted to our State Courts, whether recovery is sought under the common law, a State statute, or a Federal enactment, the right to a trial and determination of conflicts of fact by a jury shall remain inviolate. But, in our view, neither this opinion of Mr. Justice SANFORD, nor either of those cited by him, *supra,* suggests a difference between the procedure of the State and Federal Courts, or asserts that the essentially distinct practice of the Federal Courts in the matter of directing verdicts should be followed by the State Courts in cases arising under the Act. Nor has our attention been called to any expression of the U. S. Supreme Court so announcing.

(11)   *Barrett* v. *Virginian Railway,* 250 U. S., 476, quoted from in the opinion of the Court of Appeals, and the numerous other cases cited, are authority for the "settled rule *in the courts of the United States*" heretofore stated. As to this no doubt exists. But however freely it may be conceded that this practice "is a convenient one," saving time and expense and giving "scientific certainty to the law in its application to the facts," and promoting the ends of justice, as declared by the Supreme Court of the United States, it is clear that the rule

was announced for the Courts of the United States only, and no purpose was declared to force it upon the State Courts.

Not only does the view that the Federal practice must be followed in the trial in our State Courts of cases arising under the Federal Act appear to be without the support of authority, as well as in conflict with our State Constitution, but the anomaly and embarrassment incident to the adoption of such a rule is well illustrated in the opinion of Mr. Justice HYDRICK, in *Howell* v. *R. Co.,* 99 S. C., 417. As often happens, an issue in this suit for personal injuries was whether or not the Federal Act applied. Holding to the State rule, which did not permit a directed verdict on the mere weight of the evidence, the opinion proceeds:

"Nor do we agree that, in the administration of the Federal statute, the State Courts must apply a different rule of procedure from that which obtains in the administration of State laws. The Federal statute does not so require, and in the absence of anything therein to the contrary, it will be presumed that Congress intended that it should be administered by the State Courts, as the laws of the State are therein administered.

"This case affords an excellent illustration of the difficulty and confusion that would result from an attempt to apply a different rule of procedure from that which obtains in the administration of State laws. According to appellant's contention, if the Federal statute is applicable, the Court must depart from its own rule, and decide on the weight of the evidence, and direct a verdict for defendant, if, in its opinion, the evidence is insufficient to sustain a verdict for plaintiff, but it is conceded that, under the rule of procedure in the State Court, if the Federal statute is not applicable, the Court could not have directed the verdict. As the applicability

of the statute is the question at issue, which horn of the dilemma must the Court take? If it decides the facts, and holds the statute applicable, it denies plaintiff his right, under the Constitution, to have the jury decide the facts. On the other hand, if it follows its own rule of procedure and submits the issue to the jury, if appellant's contention be correct, it denies defendant its right, under the Federal rule of procedure, to have the Court decide the facts. This shows the futility of attempting to apply conflicting rules of procedure in the same cause.''

(12) As has been seen, the Court of Appeals found that there was material evidence for the plaintiff, and yet, applying the Federal rule of practice, affirmed the judgment of the trial court directing a verdict for the defendant. This was error. For the reasons and upon the authorities herein set forth, we find it necessary to reverse the judgment of the Court of Appeals and remand the case for a new trial.

## OPINION ON PETITION TO REHEAR.

The Court of Appeals, having found that there was material evidence for plaintiff, but, in effect, that the great weight of the evidence was with the defendant, nevertheless affirmed the action of the trial court is sustaining a motion for a directed verdict, on the ground that the Federal rule of practice applied in a case brought under the Federal Employers' Act. This Court, for reasons stated in our original opinion, held that the State rule of practice governs in all trials in our State Courts, reversed the judgment and remanded the case.

By petition to rehear it is submitted that this Court should have passed upon other reasons suggested in the Court of Appeals and on argument in this Court for sustaining the motion for a directed verdict, among them that plaintiff was cut off by assumption of risk and his

own negligence, and it is insisted that this Court should affirm, if the result was correct, despite error in the reasons given by the lower court.

(*13*)   No petition was filed in this Court for defendant Railway Company, and the sole question raised by the petition for *certiorari* of plaintiff was the action of the Court of Appeals above set forth. This had the effect of limiting this Court to the consideration of that question. This Court does not review a case before it on writ of *certiorari* as if here on broad appeal. Neither the Act of 1925, (Chap. 100, Section 14), nor the practice generally on writs of *ceritorari* so contemplates. See *Tri-State Fair* v. *Rowton,* 140 Tenn., 304, 306.; *Cincinnati, etc., R. Co.* v. *Brook,* 132 Tenn., 477; *Lillard* v. *Tolliver,* 154 Tenn., 394; *Brown* v. *Brown,* 196 S. W., 356, and other cases cited in the opinion in the last styled case at page 360. In view of this rule of practice, and since the case was being sent back for a new trial, this Court purposely pretermitted any comment on the facts.

An answer to the query suggested in the concluding paragraph of the petition as to whether or not any case under the Federal Act could be tried in our State Courts, if the rule of Federal practice invoked should be held to apply thereto, involves an expression from this Court not called for in this record; however, it perhaps suggests another practical difficulty incident to the effort to conform our State practice to the Federal rule.

The petition must be dismissed.