YOUNG v. TENNESSEE ELECTRIC POWER CO.—122 S. W. (2d) 821.

Middle Section.  May 14, 1938.

Petition for Certiorari denied by Supreme Court, December 17, 1938.

Rutherford & Rutherford, of Nashville, for plaintiff in error Young.

Aust, McGugin & Cochran, of Nashville, for defendant in error Power Co.

FAW, P. J.  Miss Ina Young has appealed in error from a judgment of the second circuit court of Davidson county dismissing her suit against the Tennessee Electric Power Company, and rendering judgment against her for the costs.

Shortly after 8 o'clock P. M., on July 25, 1936, there was a collision between an electric street car owned by defendant and operated by one of defendant's employees, and a truck driven by one R. T. Osborne, colored, on Woodland Street in the city of Nashville, and plaintiff was a passenger for hire on said street car at the time of the collision.

Plaintiff brought this suit and averred that, as a result of the aforesaid collision, she suffered personal injuries described in her declaration; and she further averred that she was thus injured on account of the carelessness and negligence of defendant's motorman, who was operating said street car for defendant at the time, and she averred that the aforesaid carelessness and negligence of defendant's said motorman consisted "in running his car at a fast and reckless rate of speed, in a crowded thoroughfare, and in failing to keep same under proper and reasonable control, so as to prevent injuries to its passengers to whom it owed a high degree of care, and in stopping same suddenly and causing a lurch of unreasonable and unusual force."

The defendant pleaded the general issue—not guilty—and evidence on behalf of the parties, respectively, was heard by a jury. A motion for peremptory instructions on behalf of defendant was made and overruled at the close of all the evidence, and the case was submitted to the jury.  The jury found the issues in favor of the plaintiff and assessed her damages at $250, and judgment was rendered accordingly; but thereafter, in due season, the trial judge vacated and set aside the judgment and verdict, and dismissed plaintiff's suit at her cost, on the ground that he erred in overruling defendant's motion for peremptory instructions made at the close of all the evidence.  Thereupon, the plaintiff moved the court for a new trial, upon the sole ground that "the court erred in setting aside said judgment in favor of the plaintiff and in dismissing plaintiff's suit."

The trial court overruled plaintiff's motion for a new trial, and plaintiff thereupon appealed in error to this court and perfected her appeal.

The plaintiff has assigned errors in this court, but it is, in substance, conceded on the brief for plaintiff that the sole question for decision here is, whether or not the trial court erred in sustaining defendant's motion for peremptory instructions and dismissing her suit; and, on the record, this question is narrowed to an inquiry as to whether or not there was any material evidence before the jury that the defendant's motorman was guilty of any negligence which

was a proximate cause of the collision and the resulting injuries to the plaintiff.

When the trial judge sustained the defendant's motion for a new trial and dismissed plaintiff's suit, he filed a memo opinion as follows:

"The motion for a new trial is granted and the case dismissed, because there is no evidence that the defendant was guilty of any negligence that proximately caused the plaintiff's injury. To hold defendant liable under the facts would make it an insurer of the safety of passengers. The entire evidence shows the motor-man was operating the car at a moderate, if not a slow, rate of speed, and it was practically at a stop at the time of the collision. There was no need to reverse the street car, since it was brought to a stop as soon as it was humanly possible. The plaintiff's injury was proximately caused solely by the negro truck driver running into the street car and not by any act, or failure to act, on the part of the motorman.

"A. B. Neil, Judge."

The case was tried below on the testimony of fourteen witnesses —nine on behalf of plaintiff (including the testimony of the plaintiff herself) and five on behalf of the defendant, all of which testimony is preserved in narrative form in the record brought to this court.

We have carefully examined and considered this evidence. There is no occasion to review the testimony of the several witnesses herein. The statute (Code, sec. 8811) requiring written findings of fact has no application to an action at law tried to a jury, or the verdict of a jury peremptorily directed by the trial judge. An assignment that the trial court erred in directing a verdict presents a question of law, and not technically a question of fact, and, on certiorari, the Supreme Court will consider all the evidence in the record de novo, without regard to the conclusions of the trial court and this court; hence a detailed "finding of facts" in a case of this character is not important. Anderson v. Stribling, 15 Tenn. App. 267; De Kalb County v. Tennessee Electric Power Co., 17 Tenn. App. 343, 67 S. W. (2d) 555; Norman v. Railroad Co., 119 Tenn. 401, 422, 104 S. W. 1088; Mullins v. Stave & Lumber Co., 155 Tenn. 132, 135, 290 S. W. 975; Whitehurst v. Howell, 20 Tenn. App. 314, 329, 98 S. W. (2d) 1071.

The motorman of a street car is not bound to anticipate that an automobilist, who veers toward the street car track in order to pass another automobile he is overtaking, will drive on the track in front of an approaching street car beyond the center of a wide city street, until it becomes apparent that a collision is probable. Under modern conditions, any other rule would hamper and retard the movement, and rates of speed, of street cars on city streets to a

degree that would render their use impracticable as public passenger carriers.

Upon the evidence, we concur in the view stated, in substance, by the learned trial judge that, after it became evident that a collision between the street car and the truck driven by Osborne was imminent or probable, the defendant's motorman did all that was reasonably possible, in the circumstances, to stop the street car and to stop it in such manner as to prevent injury to his passengers.

"There can be no constitutional exercise of the power to direct a verdict in any case in which there is ·a dispute as to any material evidence or any legal doubt as to the conclusion to be drawn from the whole evidence, upon the issues to be tried." But this does not mean that the case should be submitted to the jury where there is merely a "scintilla"—that is, a "spark" or a "glimmer"—of evidence. "It means that, when there is some evidence of a material or substantial nature to support the plaintiff's case, the court will not undertake to determine its comparative value or weight, but will leave the determination of the conflict to the jury." Brenizer v. N. C. & St. L. Railway, 156 Tenn. 479, 483, 484, 3 S. W. (2d) 1053, 1054, 8 S. W. (2d) 1099.

As stated by the trial judge, "the entire evidence shows the motorman was operating the car at a moderate, if not a slow, rate of speed, and it was practically at a stop at the time of the collision," and the only reasonable deduction from the material evidence in the case is that "the plaintiff's injury was proximately caused solely by the negro truck driver running into the street car, and not by any act, or failure to act, on the part of the motorman."

It results that the plaintiff's assignments of error are overruled and the judgment of the circuit court dismissing plaintiff's suit at her cost is affirmed.

The costs of the appeal will be adjudged against the plaintiff, Miss Ina Young.

Crownover, and Felts, JJ., concur.